UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| STUDIO360, Inc. <br>     PLAINTIFF, <br><br> vs. <br><br> CONVENTIONS.NET, <br>     DEFENDANT. | CASE NO.: <br><br> COMPLAINT <br><br> [JURY DEMANDED] |
|---|---|

09-CV-01652-CMP

Plaintiff Studio360, Inc. alleges:

INTRODUCTION

1. This action results from defendant's willful infringement of plaintiff's copyrights to literary works. Defendant extensively copied literary works from plaintiff's web sites and reproduced them verbatim on its web sites without plaintiff's permission to do so. Defendant intentionally

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
FAX: (866) 877.6632, SEATTLE, WA 98103

COMPLAINT - 1

did this in order to sell goods and service, promote defendant's web sites and increase internet traffic to its sites - as of the filing of this complaint, plaintiff has discovered over 100 instances of direct infringement of its works by defendant.

2. This action is comprised of claims arising under the Copyright Act of 1976, 17 U.S.C.A. §101, *et seq.*, and state law causes of action for unjust enrichment, unfair competition and breach of contract.

## JURISDICTION AND VENUE

3. This court has original jurisdiction over civil claims arising under the Constitution under 28 U.S.C. §1331; federal question jurisdiction over all claims arising under the Copyright Act under 28 U.S.C 1338(a); jurisdiction over the unfair competition claims under 28 U.S.C. §1338(b); jurisdiction based upon the diversity of citizenship of the parties under 28 U.S.C. §1332 as the amount in controversy is greater than $75,000 and plaintiff is a citizen of Washington and defendant is a citizen of a state other than Washington (to wit, Florida); and supplemental jurisdiction over the pendent claims under 29 U.S.C. § 1367(a).

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
FAX: (866) 877.6632; SEATTLE, WA

COMPLAINT- 2

4. Venue is proper pursuant to 28 U.S.C. §1391 and §1400(a) as defendant is subject to personal jurisdiction in the district, a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction including but not limited to contracting for goods and services within the state, and all of plaintiff's copyrightable property that is the subject of the action is sited in this jurisdiction.

5. Defendant is subject to personal jurisdiction in this forum.

PARTIES

6. Plaintiff Studio360, Inc. is a Washington corporation.

7. Defendant Conventions.net is believed to be a Florida corporation.

FACTS

8. Plaintiff Studio360 is a Seattle company that produces web sites containing information about travel destinations under the trade name Destination360.com. Its staff includes professional photographers, travel writers and web developers. There is a Destination360 page for hundreds of travel destinations and their popularity generates significant internet traffic,

COMPLAINT - 3

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
FAX: (866) 877.6632, SEATTLE, WA 98103

1

2

3

generally resulting from a Google search for a travel destination. Declaration of Dan Taylor, ¶4.

4

A typical example of plaintiff's literary work is its description of Wyoming:

5

6

7  In Wyoming you have blue skies, mountains, and rivers for miles. After learning what Wyoming can offer you, that's what you will be saying. Starting with the world-renowned **Yellowstone**
8  **National Park**, there are an awesome amount of **Wyoming attractions**. Although the state is best known for Yellowstone Park, travelers can also experience an excellent array of historical
9  museums, interesting tourist hotels, and some great **tours and day trips**.

10  Like many **Wyoming vacations**, you can begin in Yellowstone National Park, one of the most popular Wyoming attractions, and make your way over to **Cheyenne**, the state's capital.
11  Yellowstone National Park has over 2 million acres of unspoiled land and is home to some great National Monuments such as **Old Faithful**. The town of **Cody** Wyoming is nearby with its
12  excellent selection of **Cody hotels**, a popular place for park-goers to stay during their vacations
13  to Yellowstone.

14  No Wyoming travel guide would be complete with out a mention of Colonel Buffalo Bill Cody. Buffalo Bill is considered one of the founding fathers of Wyoming, and the city of Cody bears
15  his name. Buffalo Bill was not only famous for his service to the United States Army, but also
16  for the exciting road show he created, which played on the wild nature of the Old West. Buffalo Bill was beloved during his lifetime and has remained an icon of life in Wyoming and 19th
17  century America.

18  The Cody Firearms Museum is the largest and most important representative of American arms, as well as European arms dating from the 16th century. Another great museum in the area is The
19  Plains Indian Museum ranks as one of the nation's finest Native American collections. The
20  museum presents art of Plains Indian and artifacts set in authentic Native American settings. This Wyoming travel guide museums tell the history of Cody Wyoming in an educational and exciting
21  way.

22  Wyoming travel really heats up in the summer and cools down in the winter with Wyoming vacations that include skiing at fantastic locations like **Jackson Hole**. Jackson Hole is considered
23  the premiere destination for skiing in the United States. The world famous Jackson Hole Ski
24  Resort offers its services with private slopes and luxury accommodations.

25

26                                                       KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
                                                          FAX: (866) 877.6632; SEATTLE, WA
27  COMPLAINT- 4

28

In the summer, you can experience the Daddy of them All, Frontier Days, found each year in the city of Cheyenne. Frontier Days is a week long festival of concerts, rodeos and Wild West entertainment. Thousands of loyal fans come to Wyoming to experience the **Cheyenne Frontier Days**. As the Frontier Days allow tourist and locals alike to experience traditions of the old west, Wyoming vacations can be authentic to the old west as well, with a stay at a working dude or guest ranch. You can rope steer, drive cattle, and test your limits or just be entertained.

When searching for a Wyoming travel guide there are many guided tour options as well. A professional will hike with you on and around the **Grand Teton**, or a master rafter will assist you on your journey down what the French refer to as the La maudite rivire enrage, or the Mad River. Wyoming vacations offer a lifetime of adventure and excitement all in one state. Travelers looking for even more activities in Wyoming can find information about tours and day trips in Wyoming or **suggested itineraries for Wyoming**.

Upon information and belief, defendant copied this text verbatim on its web page for Wyoming,[1] placing it in the same page template used for all of its destination information pages. Defendant then repeated this process on at least 39[2] other pages.[3] In the course of doing so, defendant manually removed all hyperlinks in the text, generally these were links to other Destination360.com pages (shown in blue in the excerpt above), that appeared in all of the works. Defendant did not innocently or accidentally cut and paste text from a Destination360.com web site to a new page within its site; rather, it selected the descriptive text

---

[1] http:conventions.net/destination_information/wyoming-s104.asp
[2] Exhibit A, Declaration of Dan Taylor.
[3] A list of works known to plaintiff to have been copied and used by defendant as of this filing is attached as Exhibit A to the Declaration of Dan Taylor.

COMPLAINT - 5

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
FAX: (866) 877.6632, SEATTLE, WA 98103

on plaintiff's site from a page full of information and links, copied it, pasted it into a page template within an html editor, removed the interior hyperlinks, adjusted the page caption and other pro forma material to the name of the travel destination and then uploaded the final page to its web site. In short, defendant willfully went to a lot of trouble in order to add content to its own web site, create credibility for its business and increase its internet traffic and revenues. Indeed, without plaintiff Destination360's content, defendant's convention.net web site content about travel destinations is something of an empty shell, a series of page templates without substantive content.

9. Today and at all relevant times, the title, author, and copyright holder were conveyed in connection with plaintiff's works on its web site along with terms and conditions prohibiting unauthorized use of the photograph.[4]

10. Defendant Conventions.net describes itself as being "the world's leading online resource for Trade Shows, Conventions, Corporate Events and Conferences."[5] Whether it is, it generates

---

[4] http://www.destination360.com/terms.php

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
FAX: (866) 877.6632; SEATTLE, WA

COMPLAINT- 6

revenues in part from internet advertising. commissions for hotel reservations and event ticket sales originating with its site and internet traffic[6]. Critical to this business model, as it is with Destination360 and many sites on the internet, is the amount of internet traffic coming to the site[7]. Upon information and belief, defendant attempted to misappropriate plaintiff's works in order to generate additional internet traffic to its site.

11. Upon information and belief, in the course of taking, altering and displaying the works on its resort reservations web page, defendant also knowingly and intentionally failed to identify either Destination360 as the author of a work or its copyright holder, violating the terms and conditions found on plaintiff's web site against such illicit use.

12. Studio360 submitted the work for registration on October 28, 2009.

---

[5] http://www.conventions.net
[6] It recently held a "text link sale" which, upon information and belief is the sale of "outbound text links" that help purchasers "move up the within the organic search rankings on Google." Taylor Decl., Exh. C
[7] Taylor Decl. ¶__

COMPLAINT - 7

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
FAX: (866) 877.6632, SEATTLE, WA 98103

## CLAIM 1 – COPYRIGHT INFRINGEMENT

13. Plaintiff adopts by reference all prior paragraphs.

14. Plaintiff is the exclusive lawful owner of the copyrights to each work infringed by defendant. Each work has been submitted for registration with the United States Office of Copyright pursuant to 17 U.S.C.A. §§411.

15. Each infringed work was a wholly owned original literary work of plaintiff, entitled to protection from infringement under the copyright laws of the United States. There is not and never has been an authorized copy of any the works.[8]

16. Upon information and belief, defendant had access to and illegally copied the works.

---

[8] Taylor Decl. at ¶3.

COMPLAINT- 8

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
_Fax: (866) 877.6632; SEATTLE, WA

17. Upon information and belief, defendant, with no lawful right whatsoever in the works, knowingly and willfully reproduced, prepared derivative works from and distributed copies and displayed the works and otherwise exploited and placed them into the stream of commerce for defendant's benefit and enrichment in violation of plaintiff's copyrights.

18. Plaintiff's web page for Wyoming, the page mentioned above, clearly gives notice (highlighted on the exhibit for these purposes) of plaintiff's copyright in the literary work. Upon information and belief, defendant removed this notice, fraudulently intending to cause the reader to believe the copyright to the work was held by defendant in violation of 17 U.S.C.A. §506(d).

19. Upon information and belief, defendant created new web pages for each of plaintiff's works. On each such page, it placed a false copyright notice on each of these pages – "© 2009 Conventions.net all rights reserved" - knowing the statement to be false. A copy of defendant's Wyoming web page, typical of all of the pages it created in order to use plaintiff's works and clearly showing the fraudulent notice, is attached as Exhibit B to the Declaration of Dan Taylor. Fraudulently intending to mislead readers into believing that it held copyright to the works is a violation of 17 U.S.C.A. §506(d).

COMPLAINT - 9

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
FAX: (866) 877.6632, SEATTLE, WA 98103

## CLAIM 3 – UNJUST ENRICHMENT

20. Plaintiff adopts by reference all prior paragraphs.

21. Upon information and belief, defendant has received and obtained substantial gains, advantages and benefits by using plaintiff's works for defendant's commercial purposes. To the extent defendant was saved the work of producing original content, defendant has been unjustly enriched.

22. To the extent defendant has exploited the works without compensating plaintiff, defendant has benefitted to the detriment of plaintiff. It would be unfair and inequitable for defendant to be able to retain such benefits without compensating plaintiff.

23. To the extent defendant has used the works without attributing them to plaintiff, defendant has gained credibility with an internet audience and benefitted by having substantially more assets on its web site. To the extent defendant has generated revenues from false credibility and increased site traffic, defendant has been unjustly enriched. It would be unfair and inequitable for defendant to be able to retain such benefits without compensating plaintiff.

COMPLAINT- 10

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
 FAX: (866) 877.6632; SEATTLE, WA

24. As a result of the unjust enrichment of defendant, plaintiff has incurred damages in an amount to be determined at trial, with interest. Defendant is liable to plaintiff for such unjust enrichment, gains, advantages, and benefits.

25. Because defendant's conduct was willful, intentional and in bad faith, plaintiff is entitled to punitive and exemplary damages.

## CLAIM 4 – UNFAIR COMPETITION

26. Plaintiff adopts by reference all prior paragraphs.

27. Upon information and belief, in the course of taking plaintiff's works, defendant altered each of them by removing plaintiff's copyright notice, presenting the works without such notices, and removing hyperlinks to other of plaintiff's web pages. By its conduct, Defendant knowingly and willfully encouraged online visitors to defendant's web sites to believe defendant had authored the literary works, or had the lawful right to use and distribute them, thus deceiving the public and appropriating plaintiff's intellectual property for defendant's benefit.

28. Upon information and belief, by willfully using plaintiff's property without authorization, defendant unfairly received and obtained substantial gains, profits, advantages and benefits rightfully belonging to plaintiff.

29. Such conduct constitutes unfair competition under Washington law at R.C.W. 19.86.020 et seq.

30. Plaintiff is entitled to recover from the defendants monetary damages as a result of the wrongful acts of defendant. Because defendants conduct was willful, intentional and in bad faith, Plaintiff is entitled to punitive and exemplary damages.

## CLAIM 5 – BREACH OF CONTRACT

31. Plaintiff adopts by reference all prior paragraphs.

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
FAX: (866) 877.6632; SEATTLE, WA

COMPLAINT- 12

32. Any user of plaintiff's web site agrees to the terms of use for the site by using the site. These terms of use include a prohibition against violating plaintiff's copyright to any materials on the site.[9]

33. Defendant used plaintiff's web site and was subject to these terms of use. Defendant's unauthorized use of each of the literary works was a breach of these terms.

34. As a result of such breach of contract, plaintiff has suffered damages.

## DEMAND

Plaintiff demands:

35. As a result of defendant's copyright infringement, damages equal to its lost revenues, reduced advertising payments, other actual damages, diminishment of the value of the works and

---

[9] http://www.destination360.com/terms.php: "No material from any Web site owned, operated, licensed, or controlled by Studio360 may be copied, reproduced, republished, uploaded, posted, transmitted, or distributed in any way, except that you may download one copy of the materials on any single computer for your personal, non-commercial home use only, provided you keep intact all copyright and other proprietary notices. Modification of the materials or use of the materials for any other purpose is a violation of Studio360's copyright and other proprietary rights. For purposes of these terms, the use of any such material on any other Web site or networked computer environment is prohibited."

COMPLAINT - 13

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
FAX: (866) 877.6632, SEATTLE, WA 98103

compensation for the use of each work pursuant to 17 U.S.C.A. §504(b) in an amount not less than $100,000;

36. an order be entered compelling defendant to account for all uses of the works and to account for all gains, profits and advantages derived by its infringement of plaintiff's copyrights;

37. an order be entered restraining defendant from further using plaintiff's works pending judgment in this action;

38. as a result of defendant's copyright infringement, plaintiff demands damages equal to defendant's profits pursuant to 17 U.S.C.A. §504(b);

39. $2,500 for each time defendant removed notice of copyright from one of plaintiff's works;

40. $2,500 for each time defendant placed its own purported notice of copyright on one of plaintiff's works;

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
FAX: (866) 877.6632; SEATTLE, WA

COMPLAINT- 14

41. an order be entered compelling defendant to account for its financial gain, profits and advantages derived from its infringement of plaintiff's photograph;

42. judgment against defendant for the unjust gains, profits and advantages defendant obtained in an amount not less than $100,000;

43. punitive damages as the court deems just for defendant's willful taking of plaintiff's property;

44. judgment against defendant for such damages as plaintiff has sustained as a result of plaintiff's breach of contract;

45. judgment be entered against defendant for its costs; and

46. such other and further relief as the court finds just.

November 18, 2009,
SIGNATURE OF ATTORNEY OF RECORD

Kevin Traywick

Kevin Traywick (WSBA No. 27927)
Attorney for Plaintiff Studio360, Inc.

COMPLAINT - 15

KEVIN TRAYWICK (WSBA 27927) (206) 860-8292
FAX: (866) 877.6632, SEATTLE, WA 98103